UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

CHASITY SEGURA, individually and on behalf of all others similarly situated,

          Plaintiff(s),

-against-

PROCOLLECT INCORPORATED,

          Defendant.

---

Civil Action No.:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, CHASITY SEGURA (hereinafter, "Plaintiff"), a Texas resident, brings this Class Action Complaint by and through the undersigned attorneys, against Defendant PROCOLLECT INCORPORATED (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 *et seq.* (hereinafter "TDCA").

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of Texas, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a collection agency with its registered office located at 10440 N. Central Expressway, Suite 1540, Dallas, Texas 75231.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. Defendant is a "debt collector" as defined by the TDCA. *See* TEX. FIN. CODE §392.001(6).

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to March 13, 2018, an obligation was allegedly incurred to LANDMARK OF MAGNOLIA .

14. The alleged LANDMARK OF MAGNOLIA  obligation arose out an alleged residential rent obligation, a transaction in which money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family or household purposes.

15. The alleged LANDMARK OF MAGNOLIA  obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

16. LANDMARK OF MAGNOLIA  is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

17. LANDMARK OF MAGNOLIA or subsequent owner of the LANDMARK OF MAGNOLIA  debt contracted the Defendant to collect the alleged debt.

18. Defendant ProCollect Incorporated is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family

or household purposes on behalf of creditors.

19. On or about March 13, 2018, Defendant sent to the Plaintiff a collection letter (the "Letter") regarding an alleged debt originally owed to LANDMARK OF MAGNOLIA . *See* **Exhibit A.**

20. Upon information and belief, the Letter was the first communication from Defendant to the Plaintiff with regards to the alleged LANDMARK OF MAGNOLIA debt.

21. Plaintiff received the letter and read it.  The Letter stated in part:

> Original Balance:   $1,723.44
>                     -$430.86
> Amount Due:         $1,300.08

22. $1,723.44 minus $430.86 equals $1,292.58, not $1,300.08.

23. The Letter further stated:

> "ProCollect will delete your account from your credit report and reduce the balance by 25% if payment of $1300.08 is received in our office no later than 4/15/2018."

24. The amount due listed in the letter exceeds 25% of the original balance, leaving the Plaintiff, as would any least sophisticated consumer, confused as to the amount due.

25. The Collection Letter was designed to lead the consumer to believe she was getting a 25% discount of her alleged debt, when in fact she was not.

26. As a result of the Defendant's violations of the FDCPA, the Plaintiff was left confused and harmed.

27. The Plaintiff was harmed by being asked to pay more than the discount offered, by being misrepresented as to the amount of the debt and by being subjected to abusive collection

practices from which she had a substantive right to be free.

28. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

29. Plaintiff brings this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). The Class consists of (a) all individuals with addresses in the State of Texas (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt allegedly owed to Landmark of Magnolia Apartments (d) which lists an amount due that is higher than the original balance minus the discount (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

30. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

31. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

32. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. §§ 1692e and TEX. FIN. CODE §392.304(8)

33. The Plaintiff's claims are typical of the class members, as all are based upon the same facts

and legal theories.

34. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

35. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e and TEX. FIN. CODE §392.304(8).

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex

      legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  (e)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

36. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. Defendant violated said section by:

    - Falsely representing the amount of the alleged debt in violation of § 1692e(2)(A);
    - Making a false and misleading representation in violation of §1692e(10).

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT, TEX. FIN. CODE § 392.001, *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. The acts of Defendant constitute violations of the TDCA. *See* TEX. FIN. CODE § 392.001 *et seq.*

45. Defendant is a "debt collector" as defined by the TDCA. *See* TEX. FIN. CODE §392.001(6).

46. Plaintiff is a "consumer" as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(1).

47. The debt that Defendant sought to collect was a consumer debt as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(2).

48. The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers.

49. Specifically, TEX. FIN. CODE § 392.304(8) states, in pertinent part, that a debt collector is

prohibited from misrepresenting the amount of the consumer debt.

50. Defendant's conduct violated TEX. FIN. CODE § 392.304(8) by misrepresenting the amount of the debt.

51. As a result of Defendant's violations of the TDCA, Plaintiff is entitled to and do seek an injunction against Defendant to prevent or restrain further violations. TEX. FIN. CODE § 392.403(1).

52. Defendant's described actions in violation of the Texas Debt Collection Act have directly and proximately caused Plaintiff injury for which she is entitled to actual damages, statutory damages, and reasonable attorneys' fees and costs, declaratory relief, injunctive relief, and other legal and equitable relief pleaded herein.

## DEMAND FOR TRIAL BY JURY

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

    (b)    Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

    (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (e)    Awarding pre-judgment interest and post-judgment interest; and

  (f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 26, 2018

            By:  /s/Yitzchak Zelman \_
                Yitzchak Zelman, Esq.
                MARCUS ZELMAN, LLC
                701 Cookman Avenue, Suite 300
                Asbury Park, New Jersey 07712
                Phone: (732) 695-3282
                Facsimile: (732) 298-6256
                Email: yzelman@marcuszelman.com